ESTATE OF WILLIAM O. BARTON, DECEASED, HAZEL E. BARTON, EXECUTRIX AND HAZEL E. BARTON, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Estate of Barton v. Commissioner
Docket No. 6647-81.
United States Tax Court
T.C. Memo 1983-174; 1983 Tax Ct. Memo LEXIS 609; 45 T.C.M. (CCH) 1146; T.C.M. (RIA) 83174; March 31, 1983. W. Bailey Barton, for the petitioners. James E. Rogers, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency of $679.31 in petitioners' 1976 Federal income tax. The sole issue for decision is whether $8,209.64 that petitioner received from the Gatke Corporation during 1976 is excludable from gross income as a gift under section 102. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. *610 William O. Barton, the decedent, died in June 1978. Hazel E. Barton, his surviving spouse and the executrix of his estate, resided in League City, Texas, when the petition in this case was filed. William O. Barton and Hazel E. Barton timely filed their 1976 joint Federal income tax return with the Internal Revenue Service. On June 25, 1975, William O. Barton suffered a severe stroke. For many years, the decedent had been employed as a salesman in the State of Texas by the Gatke Corporation, an Illinois Corporation with its principal office in Chicago, Illinois. After his stroke, however, the decedent retired from such employment effective as of August 31, 1975. Although the decedent retired as an employee salesman of the Gatke Corporation, he became an independent sales agent of the corporation on September 1, 1975. At all times relevant hereto, the Gatke Corporation affected its sales both through employee salesmen and in independent sales agents. From September 1, 1975, until his death, the decedent was carried on the books of the Gatke Corporation as an independent sales agent and was paid commissions upon all the sales made by the Corporation within his designated *611 territory. As an independent sales agent for the Gatke Corporation, the decedent was not required to personally visit the corporation's customers, but simply needed to maintain telephone contact with the corporation's accounts in Texas. During 1976, the decedent received commissions in the amount of $8,209.64 from the Gatke Corporation attributable to sales generated in his territory. Such commissions were reflected on Form 1099 (Statement for Recipients of Miscellaneous Income) issued to decedent by the Gatke Corporation for 1976. The decedent also received $12,996.62 from the Gatke Corporation during 1976 which was reflected on a Form W-2 (Wage and Tax Statement) issued to petitioner by such corporation. On their 1976 return, the decedent and his wife reported as income the wages that the decedent received from the Gatke Corporation, but they did not report the commissions the decedent received therefrom. In the notice of deficiency respondent determined that decedent and his wife had additional income of $8,209 for 1976 attributable to the commissions that the decedent received from the Gatke Corporation. OPINION We must determine whether the amount that the decedent *612 received as commissions from the Gatke Corporation during 1976 is includable in his gross income. Petitioners maintain that the amount received as commissions is not includable in the decedent's gross income because it constituted a gift. According to petitioners, the decedent was unable to perform his duties as a salesman after his stroke, and therefore, the amount paid to him by the Gatke Corporation did not represent compensation but a gift. Respondent, on the other hand, contends that the payments made by the Gatke Corporation to the decedent represent compensation for services rendered by the decedent to the corporation and, as such, must be included in his gross income. We hold for respondent. Section 61(a) provides that "gross income means all income from whatever source derived." Whether a transfer constitutes a payment of income or a nontaxable gift is a question of fact. Commissioner v. Duberstein,363 U.S. 278 (1960). Petitioners bear the burden of proving that the payments the decedent received from the Gatke Corporation constituted a gift. Rule 142(a), Tax Court Rules of Practice and Procedure.
On the record before us, we must conclude that petitioner *613 has failed to establish that the $8,209.64 that the decedent received from the Gatke Corporation constituted a gift. The record shows that the amount paid to the decedent was based upon sales made by the Gatke Corporation within his territory, that is, the decedent received commissions upon such sales. Although petitioners maintain that the decedent performed no services in exchange for the payments and indeed was incapable of so doing, they have failed to establish that such was the case. There is no evidence in the record which indicates that the decedent was unable to keep in touch with the corporation's Texas accounts by telephone. Moreover, even if petitioners had shown that the corporation had not paid the decedent for present services, we would have to conclude that the payments were made to the decedent in consideration of past or future services. The record contains evidence indicating that the payments were made to the decedent in consideration of the customers he had developed in his territory and his many years of service to the corporation. Furthermore, the payments to the decedent could well represent an attempt by the Gatke Corporation to maintain the decedent's *614 good will and thereby avoid any chance that he might poison the well, the well being the customers in the decedent's territory with whom he had undoubtedly established a long-standing relationship. The mere absence of a legal or moral obligation to make a payment does not establish that it is a gift. Commissioner v. Duberstein,supra, at 285. In Commissioner v. Duberstein,supra at 285, the Supreme Court stated the following with respect to the meaning of the term "gift" for purposes of the Internal Revenue Code: A gift in the statutory sense * * * proceeds from a "detached and disinterested generosity, * * * "out of affection, respect, admiration, charity or like impulses." * * * And in this regard, the most critical consideration, as the Court was agreed in the leading case here, is the transferor's "intention." * * * The record is devoid of any evidence indicating that the payments in issue proceeded from detached and disinterested generosity.We are unable to find anything that even suggests that the Gatke Corporation intended to make a gift to the decedent. To the contrary, petitioners' only witness, Frank T. Gatke, Jr., the president *615 of the Gatke Corporation, whose testimony in no way supported their position, specifically testified that the payments to the decedent were not motivated by any admiration or affection he might have had for him. All of the evidence pertaining to this matter shows that the Gatke Corporation has consistently adhered to the position that the payments were made to the decedent in consideration for services rendered, whether past, present, or future. Accordingly, since petitioners failed to satisfy their burden of proof, we find that the commissions paid to the decedent by the Gatke Corporation is includble in his gross income for 1976. [2]
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Neither party has attempted to explain why the Gatke Corporation paid the decedent wages during 1976. Petitioners, however, also failed to explain why the decedent and his wife reported as income the amount paid as wages but not the commissions.↩